UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RHAMIN A. TURNER, JR.,

       Plaintiff,          13CV7497(AKH)

  - against -            COMPLAINT AND
                   DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, TATIANA CRUZ,
and JASON LOPEZ, Individually and in Their  ECF CASE
Official Capacities,

       Defendants
------------------------------------------------------------------x

    Plaintiff, by his attorneys, MICHELSTEIN & ASSOCIATES, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

    1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Rhamin A. Turner, Jr. by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

    2. Plaintiff Rhamin A. Turner, Jr. is a citizen of the United States who was a passenger in a motor vehicle at the corner of East 169th Street and Prospect Avenue in the Bronx, New York, on January 23, 2013, when defendants Tatiana Cruz and Jason Lopez stopped the vehicle, conducted a pat-down search of the plaintiff, arrested the plaintiff on false criminal charges of Criminal Sale of Marijuana in the First Degree, Criminal Possession of Marijuana in the Second Degree, and Unlawful Possession of Marijuana, handcuffed the plaintiff, and transported him to the 42nd Precinct, where he was imprisoned. The plaintiff was subsequently transported to Bronx Central Booking, where he continued to be imprisoned until January 25, 2013, when he was released without

being charged with any crime. On January 23, 2013, defendant Tatiana Cruz instituted a criminal Proceeding against plaintiff Rhamin A. Turner, Jr., under the name Rhamin Turner, in the Criminal Court of the City of New York, County of Bronx, by issuing a summons accusing the plaintiff of the offense of Unlawful Possession of Marijuana. This charge against the plaintiff was dismissed on April 11, 2013.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Rhamin A. Turner, Jr.'s constitutional and civil rights, and in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Tatiana Cruz and Jason Lopez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Rhamin A. Turner, Jr. is a citizen of the Untied States who, at all times relevant herein, resided in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Tatiana Cruz is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Tatiana Cruz was acting within the scope of her employment by defendant The City of New York.

11. Defendant Jason Lopez is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, Jason Lopez was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On April 24, 2013, and within 90 days of the accrual of his causes of action herein, plaintiff Rhamin A. Turner, Jr. served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On January 23, 2013, plaintiff Rhamin A. Turner, Jr. was lawfully present in the front passenger seat of a motor vehicle which was owned and being operated by Felix Santiago at the intersection of East 169th Street and Prospect Avenue, Bronx, New York.

17. On January 23, 2013, at the northeast corner of East 169th Street and Prospect Avenue, Bronx, New York, defendants Tatiana Cruz, and Jason Lopez directed the operator of the motor vehicle in which the plaintiff was a passenger to stop the vehicle.

18. Defendant Jason Lopez subsequently directed plaintiff Rhamin A. Turner, Jr. to exit the vehicle and subjected the plaintiff to a pat-down search.

19. Defendant Jason Lopez then instructed plaintiff Rhamin A. Turner, Jr. to proceed to the rear of the vehicle and to cross his feet.

20. The actions of defendant Jason Lopez constituted a seizure of plaintiff Rhamin A. Turner, Jr.

21. Defendant Tatiana Cruz then proceeded to search the vehicle.

22. According to an affidavit signed by an Assistant District Attorney in the office of the Bronx County District Attorney, defendant Tatiana Cruz claimed that she discovered one capsule containing marijuana in the center console of the vehicle.

23. Following the search of the vehicle by defendant Tatiana Cruz, defendants Tatiana Cruz and Jason Lopez arrested plaintiff Rhamin A. Turner, Jr. on a charge of Unlawful Possession of Marijuana.

24. Plaintiff Rhamin A. Turner, Jr. was not in possession of any marijuana.

25. The charge of Unlawful Possession of Marijuana made by defendants Tatiana Cruz and Jason Lopez against plaintiff Rhamin A. Turner, Jr. was false.

26. Defendants Tatiana Cruz and Jason Lopez did not have a warrant or other legal process authorizing the arrest of plaintiff Rhamin A. Turner, Jr.

27. Defendants Tatiana Cruz and Jason Lopez lacked probable cause to believe that plaintiff Rhamin A. Turner, Jr. knew of or exercised dominion and control of the capsule of marijuana allegedly discovered in the center console of the vehicle.

28. On January 23, 2013, defendant Tatiana Cruz issued Summons No. 4412974840 to plaintiff Rhamin A. Turner, Jr., charging him with the offense of Unlawful Possession of Marijuana and instituting a criminal proceeding against him in the Criminal Court of the City of New York, County of Bronx.

29. According to the same affidavit by an Assistant District Attorney in the office of the Bronx County District Attorney, defendant Jason Lopez claimed that he recovered approximately one and a half pounds of marijuana in the trunk of Felix Santiago's vehicle during an inventory search of the vehicle conducted at the 42nd Precinct.

30. Defendants Tatiana Cruz and Jason Lopez then arrested plaintiff Rhamin A. Turner, Jr. on the additional charges of Criminal Sale of Marijuana in the First Degree and Criminal Possession of Marijuana in the Second Degree.

31. Plaintiff Rhamin A. Turner, Jr. had neither sold any marijuana nor was in possession of the marijuana allegedly discovered in the trunk of the vehicle.

32. The charges of Criminal Sale of Marijuana in the First Degree and Criminal Possession of Marijuana in the Second Degree were false.

33. Defendants Tatiana Cruz and Jason Lopez lacked probable cause to believe that plaintiff Rhamin A. Turner, Jr. knew of or exercised dominion and control of the marijuana allegedly found in the trunk of Felix Santiago's vehicle.

34. Despite the issuance of a summons for the offense of Unlawful Possession of Marijuana, plaintiff Rhamin A. Turner, Jr. continued to be imprisoned on the false charges of Criminal Sale of Marijuana in the First Degree and Criminal Possession of Marijuana in the Second Degree brought by defendants Tatiana Cruz and Jason Lopez.

35. Plaintiff Rhamin A. Turner was subsequently transported to Bronx Central Booking, where he continued to be imprisoned.

36. On January 24, 2013, Assistant District Attorney Carrie Geldert declined to prosecute the charges of Criminal Sale of Marijuana in the First Degree and Criminal Possession of Marijuana in the Second Degree against plaintiff Rhamin A. Turner on the ground that there was insufficient evidence to show that the plaintiff knowingly possessed marijuana found in the trunk of Felix Santiago's vehicle.

37. On January 25, 2013, plaintiff Rhamin A. Turner, Jr. was released from Bronx Central Booking without being charged with any crime.

38. On April 11, 2013, the charge against plaintiff Rhamin A. Turner, Jr. of Unlawful Possession of Marijuana under Summons No. 4412974840 was dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though the same were set forth fully herein.

40. The seizure, arrest, detention and imprisonment of plaintiff Rhamin A. Turner, Jr. on January 23, 2013, were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

41. The charges upon which defendants Tatiana Cruz and Jason Lopez arrested plaintiff Rhamin A. Turner, Jr. were false.

42. The charges were made by defendants Tatiana Cruz and Jason Lopez against plaintiff Rhamin A. Turner, Jr. with knowledge that they were false.

43. Plaintiff Rhamin A. Turner, Jr. was aware of his seizure, arrest, detention and imprisonment by defendants Tatiana Cruz and Jason Lopez.

44. Plaintiff Rhamin A. Turner, Jr. did not consent to his seizure, arrest, detention or imprisonment.

45. As a result of the foregoing, plaintiff Rhamin A. Turner, Jr. was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

46. The seizure, arrest, detention and imprisonment of plaintiff Rhamin A. Turner, Jr. on January 23, 2013, deprived him of his right to be free of unlawful searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

47. Defendants Tatiana Cruz and Jason Lopez were acting under color of state law when they seized, detained, searched, arrested and imprisoned plaintiff Rhamin A. Turner, Jr. on January 23, 2013.

48. Defendants Tatiana Cruz and Jason Lopez deprived plaintiff Rhamin A. Turner, Jr. of his rights to be free of unlawful searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United

States under color of state law, in violation 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Rhamin A. Turner, Jr. on false charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though the same were set forth fully herein.

50. The charge brought by defendant Tatiana Cruz against plaintiff Rhamin A. Turner, Jr. in the Criminal Court of the City of New York, County of Bronx, was false.

51. Defendant Tatiana Cruz instituted the criminal proceeding against plaintiff Rhamin A. Turner, Jr. with knowledge that the charge was false.

52. Defendant Tatiana Cruz instituted the criminal proceeding against plaintiff Rhamin A. Turner, Jr. without probable cause to believe that plaintiff Rhamin A. Turner, Jr. had committed the offense charged.

53. Defendant Tatiana Cruz was acting with malice when she commenced the criminal proceeding against plaintiff Rhamin A. Turner, Jr..

54. The criminal proceeding instituted by defendant Tatiana Cruz against plaintiff Rhamin A. Turner, Jr. was terminated in plaintiff Rhamin A. Turner, Jr.'s favor.

55. As a result of the criminal proceeding instituted by defendant Tatiana Cruz against plaintiff Rhamin A. Turner, Jr., the plaintiff was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

56. Defendant Tatiana Cruz was acting under color of state law when she commenced a criminal proceeding against plaintiff Rhamin A. Turner, Jr. in the Criminal Court of the City of New York, County of Bronx.

57. Defendant Tatiana Cruz deprived plaintiff Rhamin A. Turner, Jr. of his right to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Rhamin A. Turner, Jr. on a false charge.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

58. Plaintiff incorporates by reference paragraphs 1 through 57 of this Complaint as though the same were set forth fully herein.

59. The acts complained of were carried out by defendants Tatiana Cruz and Jason Lopez in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by defendants Tatiana Cruz and Jason Lopez in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

61. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

62. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

  (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest

of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

63. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

64. The arrest and imprisonment of plaintiff Rhamin A. Turner, Jr. on January 23, 2013 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

65. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

66. Defendant The City of New York deprived plaintiff Rhamin A. Turner, Jr. of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due

process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Tatiana Cruz and Jason Lopez are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

69. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

70. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

71. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

72. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Rhamin A. Turner, Jr. would be violated.

73. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Rhamin A. Turner, Jr..

74. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

75. Defendant The City of New York deprived plaintiff Rhamin A. Turner, Jr. of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest and prosecution of plaintiff Rhamin A. Turner, Jr. on January 23, 2013.

## COUNT FIVE
## COMMON LAW FALSE IMPRISONMENT

76. Plaintiff incorporates by reference paragraphs 1 through 75 of this Complaint as though the same were set forth fully herein.

77. Defendants Tatiana Cruz, Jason Lopez and The City of New York falsely imprisoned plaintiff Rhamin A. Turner, Jr. by seizing, detaining, arresting and imprisoning him on false criminal charges.

78. As a result of the foregoing, plaintiff Rhamin A. Turner, Jr. was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT SIX
## COMMON LAW MALICIOUS PROSECUTION

79. Plaintiffs incorporate by reference paragraphs 1 through 78 of this Complaint as though the same were set forth fully herein.

80. Defendants Tatiana Cruz and The City of New York maliciously prosecuted plaintiff Rhamin A. Turner, Jr. on a false criminal charge of Unlawful Possession of Marijuana.

81. As a result of the criminal proceeding instituted by defendants Tatiana Cruz and The City of New York, plaintiff Rhamin A. Turner, Jr. was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Rhamin A. Turner, Jr. compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Rhamin A. Turner, Jr. punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
       October 18, 2013

                                    MICHELSTEIN & ASSOCIATES, PLLC

                                    By: _____
                                        STEVEN MICHELSTEIN (SM3323)
                                        Attorneys for Plaintiff
                                        485 Madison Avenue
                                        New York, New York 10022
                                        (212) 588-0880